# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V C.A. No. 05-185 S

ASHBEL T. WALL, ET. AL.

## MOTION TO INTERVENE AND-OR FOR A COURT ORDER

Now Comes the Plaintiff, Bernardo Figueroa, in Pro-Se, and Pursuant to the applicable Rules of the Fed. R. Civ. P. Moves for an Order of this Honorable Court directing the Rhode Island Department of Corrections' defendants to have the illegal and unconstitutional implanted devices removed from the Plaintiff's ears canal. And states as a basis for his motion the memorandum attached hereto and the agreed facts in this matter.

DATED: August 12, 2005

(8)

Respectfully submitted

Bernardo Figueroa # [redacted]
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

## CERTIFICATE OF SERVICE

I hereby Certifies that on this 12th day of August 2005, A true Copy of the within Motion to intervene and/or for a court order was mailed to the defendants and their attorney, Michael B. Grant, Deputy Chief legal counsel, RIDOC, at 40 Howard Avenue, Cranston R.I. 02920.

Bernardo Figueroa

U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND
2005 AUG 22 A 10:28
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. C.A. No. 05-185 S

ASHBEL T. WALL, Et Al.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO INTERVENE AND-OR FOR A COURT ORDER

FACTS:

IN 1990, the Plaintiff, Bernardo Figueroa, Was Convicted OF A Crime in the state OF Rhode Island and Sentenced to the Custody OF the Rhode Island Department OF Corrections. (hereafter RIDOC) And Committed to the Rhode Island Adult Correctional institutions (hereafter A.C.I.).

Medical staff at the A.C.I. diagnosed Plaintiff As having eye Condition i.e., Progressive Pterygion, that Would require surgery on both OF his eye.

On November 10, 1992, A.C.I. Personnel i.e., Prison guards McCrey and Mintz, transported the Plaintiff to Rhode Island Hospital (hereafter RIH), in order to undergo surgery on his Right eye. Doctor Daniel E. Petashnick and other Doctors and Medical staff at the RIH. Performed the eye surgery. i.e., Pterygium excision.

Following his November 10, 1992, eye surgery, Rhode Island Prison guards transported the Plaintiff to RIH on numerous occasions, during these visits, doctors however, examined his ears canal. Furthermore during the Periods of 1992 through 1999, several medical test was conducted on Plaintiff. including blood, urine and excrement tests.

In 1997, Plaintiff began to experience severe Pain and discomfort inside and around his ears canal and complained to RIACI, medical staff about his Pain and discomfort.

Scott Allen, a medical doctor at the A.C.I. examined the Plaintiff noted that he had an infection inside his ear canal and ordered Antibiotic, i.e., Penicillin, Nurse Jane do at the ACI administered a shot of Penicillin to the Plaintiff as ordered by Doctor Allen.

It should be noted that it was on record that Plaintiff is allergic to Penicillin.

the shot of Penicillin cause a serious adverse reaction, requiring that the Plaintiff be transported to the R.I.H in emergency at @ 2:30 A.M. for medical attention and treatment.

The medical personnel who examined and treats Plaintiff at R.I.H. informed him that he has something implanted inside his ears canal, the Plaintiff was thereafter returned to the A.C.I. where his complained to medical and prison staff about his ears condition and the implanted devices.

Between 1998 and 1999, Plaintiff filed several requests complaints and grievances and sough to have the implanted devices removed, R.I.A.C.I. medical and prison staff denied all Plaintiff's requests, complaints and grievances, saying that nothing have been implanted into his ears canal. Please see EXHIBITS-"A."

The Plaintiff was referred to the Psychologist, and on June 25, 1999, Doctor Linda Osborne, Clinical Psychologist at the ACI, conducted a Psychological evaluation on Plaintiff and reported the following:

Bernardo was seen at the request of medical staff after a medical grievance was filed by him regarding an implants in his ears. After spoke with him, he is clear and convinced that his reports are valid. "I frankly saw

NO SIGNS OF FABRICATION BEYOND THIS IMPLANTS SITUATION. I CONDUCT SOME FURTHER CHECKING OF FACT BUT FIND NO SIGNS OF PSYCHOSIS. PLEASE SEE EXHIBIT-"B"

THE PLAINTIFF AND RHODE ISLAND PRISON OFFICIALS AGREED TO SETTLE CASE HE HAS PENDING AT THAT TIME BY ARRANGING FOR HIM TO BE TRANSFERRED TO A CONFINEMENT FACILITY LOCATED IN THE STATE OF NEW JERSEY. RHODE ISLAND PRISON OFFICIALS, HOWEVER, INVOLUNTARILY, BY FORCE AND TO PREVENT HIM FROM PURSUING HIS LEGAL CLAIMS TRANSFERRED HIM TO VIGINIA PRISON SYSTEM

WHILE INCARCERATED IN VIRGINIA PRISON THE THE PLAINTIFF HAVE BEEN EXPERIENCING EARS CANAL INFECTIONS ON A CONTINUING BASIS AND SEVERE PAIN AND DISCOMFORT INSIDE HIS EARS CANAL WHICH ARE CAUSING BY THE ILLEGAL AND UNCONSTITUTIONAL IMPLANTED DEVISED.

THE PLAINTIFF COMPLAINED TO VIRGINIA MEDICAL AND PRISON STAFF ABOUT HIS EARS CONDITION AND SOUGHT TO HAVE THE IMPLANTED DEVICES REMOVED IN RESPONSE THE PLAINTIFF WAS TOLD: IT IS DOCUMENTED THAT YOU DO HAVE EARS IMPLANTS, BILATERALLY, HOWEVER, THERE IS NO MEDICAL NEED AT THIS TIME TO HAVE THEM REMOVED. PLEASE SEE EXHIBITS-"C"

ON SEVERAL OCCASION PLAINTIFF FILED MOTION SEEKING THIS COURT TO ISSUE AND ORDER DIRECTING RHODE ISLAND PRISON OFFICIALS TO HAVE

the implanted devices removed, and each time this Court denied Plaintiff's motion indicating to the Plaintiff that he is directed to pursued this matter with the appropriate medical professional at the Virginia Prison where he is confined. Please see Exhibits-'D')."

The Plaintiff have been doing so since his placement in Virginia Prison but to not avail. Furthermore, Plaintiff filed a civil action No. 2:03 cv 703 against Virginia medical and prison staff for refusing to provide Plaintiff with adequate medical attention and treatment and have the implanted devices removed. And in his opinion and order of March 1, 2005 Honorable Jerome Friedman, U.S. District Judge held that the Plaintiff is a Rhode Island inmate and Virginia medical and prison staff had no responsibility or authority to act to have the implanted devices removed that he requests to have the implanted devices removed should be handled by Rhode Island officials.

the Plaintiff left ear is already deaf, and he continue experiencing ear canal infections and severe pain and discomfort and Virginia Prison Medical staff not only have refused to removed the implanted devices but are refusing to treat Plaintiff ears condition

# POINTS AND AUTHORITIES

The elementary Principals of the Eighth Amendment establishes governments obligation to Provide Medical Care For Prisoners; deliberate indifference to serious Medical needs of Prisoners Constitutes unnecessary and Wanton infliction of pain Proscribed by the eighth Amendment, no matter how evidenced Estelle v. Gamble, (1976) 429 US 97.

The Court held in the Case of NEWMAN V. ALABAMA, (1974) 503 F.2d 1320, Reh. den. (CA 5 Ala) 506 F.2d 1056 and Cert. den. 421 U.S. 948, 44 L.Ed 2d 102, 95 S. Ct. 1680, that the Failure of Penal authorities to dispense quality Medical care to inmates Constitutes a Violation of the Rights of Prisoners and transgresses interdiction of the Cruel and unusual Punishment Clause of the Eighth Amendment. The Court also held in TODARO V. WARD, (1977, CA 2 NY) 565 F.2d 48, that a Correctional claim under the Eighth Amendment is stated when Prison Officials deny access to Medical Care, that the fact that medical Procedures utilized at a Prison were no worse than those enforced at other Correctional Facilities does not excuse an Eighth Amendment Violation or stand as an obstacle to injunctive Relief.

In the Case of LUTHERAN MEDICAL CENTER v. OMAHA, (1979) 204 Neb. 292, 281 NW 2d 786, the court held that under the eighth amendment to the United States Constitution state governmental subdivisions operating jails have a legal obligation to supply needed medical treatment to their prisoners.

In applying the legal authorities to this case it is clear that the Department of Corrections for the State of Rhode Island has legal obligation to supply needed medical treatment to the Plaintiff Bernardo Figueroa who is a Rhode Island Prisoner. It is clear from the facts of this case that the medical treatment sought by the Plaintiff is needed to correct serious conditions that the Plaintiff has with his ears canal and throat. The Plaintiff had ears implants bilaterally, that was illegal and unconstitutionally surgically implanted on him that have and continue causing him very serious medical problems i.e. deaf ears and infections that requires a much needed removal of the implants in order to have any hope of correcting his ear canal and throats conditions, any medication do not correct the Plaintiff condition. As a result, the removal of the implanted devices is the only thing at this point and time which will correct his serious condition.

the RIDOC has Willfully and Maliciously confined Plaintiff in Virginia and has set out on a course of conduct intentionally denying plaintiff access to needed medical treatment for his serious condition. the defendants' excuse that plaintiff is confined in Virginia is no longer a valid reason to deny plaintiff his eighth amendment Rights and or refuses to have the implants removed. Such a deliberate indifference to the serious medical needs of the plaintiff is unnecessary and evidences wanton infliction of cruel and unusual punishment in violation of the eighth amendment.

CONCLUSION:

Based upon the facts as applied to the law concerning the above referenced case, the RIDOC has a legal obligation to supply the Plaintiff with the needed treatment for his serious condition, and remove the illegal and unconstitutionally implanted devices. the defendants, Department of Corrections has failed to me that obligation and as a result, has violated the eighth amendment by intentionally have the devices implanted and refused to have them removed. Therefore, this Honorable Court should order that the Department of Corrections' defendants made arrangement to have the implanted devices removed forthwith.

DATED: August 12, 2005

Respectfully submitted,

[signature]

Bernardo Figueroa, # [redacted]
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

# CERTIFICATE OF SERVICE

I hereby certifies that on this 12th day of August 2005, a true copy of the within Memorandum was mailed to the defendants and their attorney Michael B. Grant, Esq. Deputy Chief Legal Counsel R.I.D.O.C. at 40 Howard Avenue, Cranston, R.I. 02920

[signature]
BERNARDO FIGUEROA

FILED 10:28

98-203

FULL EXHIBITS-"A."

Attachment 2
Page 1 of 1

Rhode Island Department of Corrections

**REQUEST FOR RESOLUTION OF GRIEVANCE**

**Instructions:** Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) Level 1, Warden Level 2, Director

From: (name) BERNARDO First FIGUEROA Last MI [redacted]

Facility: (circle one) ISC HSC MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

**PART A - INMATE REQUEST**

Facility where alleged incident occurred: ACI. High Security Center

Grievance/Complaint: SEVERAL MONTHS AGO, [redacted] WHO IS EMPLOYED BY RIDOC, AS A DOCTOR DID WILLFULLY AND MALICIOUSLY PLACED SOME DEVICE INTO MY AUDITORY CHANNEL WITHOUT MY CONSENT, WHICH ARE CAUSING ME SEVERE PAIN AND DISCOMFORT. I THEREFORE ASK THAT THIS MATTER BE INVESTIGATED AND THAT THIS DEVICE BE REMOVED FROM MY EAR CHANNEL IMMEDIATELY. I ALSO WANT THAT THE FBI BE NOTIFIED AND SEE THEM.

NOV. 27, 1998 Date [redacted]

B. Figueroa Inmate's Signature

12-19-98 Date Received

Staff Member's Signature

**PART B - RESPONSE**

Date Received

**Your grievance is denied. After an investigation and according to medical department Doctors, there was nothing inserted into your ear.**

12-19-98 Date

Signature Deputy Warden
(Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

99-02456

13.10 DOC
Attachment 2
Page 1 of 1

# Rhode Island Department of Corrections

## REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) Level 1, Warden **[Level 2, Director]**

From: (name) BERNARDO FIGUEROA
First Last MI RI# [redacted]

Facility: (circle one) ISC **[HSC]** MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

### PART A - INMATE REQUEST

Facility where alleged incident occurred: A.C.I. High Security Center

Grievance/Complaint: Mr. Vose, this level 2 grievance comes to your attention because several months ago, Doctor [redacted] inserted an unidentified object or device into my auditory channel this has been confirmed by a physician at the RI Hospital on 6/8/99. I therefore once again ask that the object be removed from my ear channel without further delay. And there would be no need for me to seek court assistance in regard to this matter.

June 26, 1999
Date

[redacted]

B. Figueroa
Inmate's Signature

LD Potter HSC # 99-461

Date Received

Staff Member's Signature

### PART B - RESPONSE

Date Received

**Denied. Mr. Figueroa, I do not have the authority to order medical treatment However, I have asked that Dr. Motala speak with you regarding your concerns. Please file future level two grievances in accordance with grievance policy 13.10.**

7/19/99
Date

Robert M. McCatt
Signature
(Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

E-C

13.10 DOC
Attachment 2
Page 1 of 1

Rhode Island Department of Corrections

## REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) **Level 1, Warden** **Level 2, Director**

From: (name) BERNARDO FIGUEROA
First Last MI RIDOC # [redacted]

Facility: (circle one) ISC **HSC** MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

### PART A - INMATE REQUEST

Facility where alleged incident occurred: A.C.I. High Security Center

Grievance/Complaint: Mr. Vose this level 2 grievance comes to your attention due several month and doctor [redacted] inserted an unidentified object into my auditory channel it was confirmed by a doctor at K.C. Hospital on 6/1/99. I therefore, once again ask that the object and/or device be removed out of my auditory channel without further delay. There will be not need for me to seek court assistance regarding the matter.

June 7, 1999 — Date
[signature] — Inmate's Signature

06/9/99 — Date Received
C/O Rodric[illegible] — Staff Member's Signature

[redacted] LD CoGellar HSC #99-152

### PART B - RESPONSE

Date Received

I wish to withdraw this grievance in order to file a Level One Grievance first in accordance with RIDOC Policy #13.10, Inmate Grievance Procedure.

LD CoGellar 6/18/99 [signature] 6/18/99

Date

Signature
(Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

EXHIBIT- "B"

# RHODE ISLAND DEPARTMENT OF CORRECTIONS PSYCHIATRIST CONTACT NOTES

NAME FIGUEROA, BERNARDO

DOB 3.12.56

| DATE & TIME | ENTRY CODE SECURITY | S (subjective symptoms) O (objective findings) A (assessment or impression) P (plan) All entries must be **signed, dated and timed.** |
|---|---|---|
| 10-5-98 PSYCHIATRY BAKERMEETING | ISC | DISCHARGE FROM CHS<br>NOT SUICIDAL<br>LIFE + FUTURE ORIENTED<br>IN CONTROL<br>COMPETENT<br>[signature] |
| -17-98 1:15P | HSC | Bernardo was seen in order to do a psy eval for out-of-state transfer. He was very cooperative and looks forward to the move. No psychoses. No suicidal ideation.<br>Linda Osborne<br>Clinical Psychologist |
| -25-99 1:15P | HSC | Bernardo was seen at the request of medical staff after a medical grievance was filed by him regarding an implant in his ear. We spoke at length to assess thought process. He is clear and convinced that his reports are valid. I frankly saw no signs of fabrication, beyond the implant situation. I will do some further checking of facts but find no signs of psychosis at this time. No suicidal ideation. Linda Osborne<br>Clinical Psychologist |

"EXHIBITS - C"

# COMMONWEALTH of VIRGINIA

*Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

January 8, 2004

Bernard Figueroa 272332
Red Onion State Prison
POB 1900
Pound, VA 24279

Dear Mr. Figueroa:

Thank you for your recent correspondence. I believe this issue has been addressed in a recent grievance. The institutional physician will determine if it is medically necessary to remove the implants.

Sincerely,

Fred Schilling,
Health Services Director
Office of Health Services

FS/cfg

# COMMONWEALTH *of* VIRGINIA

*Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

## INMATE GRIEVANCE RESPONSE FORM

## LEVEL II

| Inmate Name | Number | Institution | Log Number |
| --- | --- | --- | --- |
| B. Figueroa | [redacted] | ROSP | [redacted] |

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal has been reviewed along with the response from Level I, and your original complaint because of your recent experience of a deep infection in your ear canals you wanted the implanted devices removed or to be returned to your state home so this can be done without further delay, because of the imminent health problems you are facing.

Based on the information provided and upon further investigation, I concur with the Level I respondent and determine your grievance unfounded. The institutional physician does not deem that it is not medically necessary to have the implants removed at this time. The Level I response is correct. There has been no violation of policy.

In accordance with DOP 866 governing the inmate grievance procedure, Level II is the last level of appeal for this complaint.

HEALTH SERVICES DIRECTOR 12/19/03
DATE

FS/lt/cfg

B414 C'

**INMATE GRIEVANCE RESPONSE FORM**
**LEVEL I**

| Figueroa, B. [redacted] | Red Onion State Prison | [redacted] |
|---|---|---|
| **Inmate Name and Number** | **Institution** | **Log Number** |

**LEVEL I: Warden's Response**. (To be completed and mailed within thirty calendar days.)

**Grievance Summary:** On October 23, 2003, you were seen by Doctor Greene at your request for "sever pain and discomfort you were experiencing inside and around your ear channels and throat due to implanted devices." Doctor Greene noted there was an infection deep into your ear channel and your throat was swollen. You explained to Dr. Greene about the "implanted devices and requested that action be taken to remove the implants." You stated on October 2, 2003, during your intake medical examination, Doctor Greene, told you that you had an implant, however, now he denies the existence of any implanted device. You want arrangements made to have the "implanted devices" removed or to be retuned to your state home so this can be done without further delay, because of the imminent health problems your are facing.

**Informal Summary:** Your informal complaint, responded to by V. Phipps, RNCB/DON, stated need more information. When was this placed and by whom? There is nothing in your medical record.

**Investigation:** V. Phipps, RNCB/DON, stated it is documented that you do have ear implants, bilaterally, however, there is no medical need at this time to have them removed.

**Policy/Procedure:** DOP 718 governs this issue.

In accordance with the above information, this grievance is considered to be **UNFOUNDED**, as procedures have been correctly applied. No further action appears to be necessary at this time.

RECEIVED DEC [illegible] 2003

[illegible signature]
**Warden**

11/20/03
**Date**

In accordance with procedure 866 governing Inmate Grievance Procedures, if you are dissatisfied with this response you may appeal this decision within five (5) calendar days to:

Director of Health Services
Post Office 26963
Richmond, Virginia 23261-6963

I wish to appeal the LEVEL I Response because:
ACCORDING TO MY RETURNED LEVEL ONE GRIEVANCE WARDEN BRAXTON MADE THAT NURSE V. PHIPPS, RNCB/DON, STATED THAT IT IS DOCUMENTED THAT YOU DO HAVE EAR IMPLANTS BILATERALLY, HOWEVER, THERE IS NO MEDICAL NEED AT THIS

[illegible signature] [redacted] NOV. 24, 2003
NAME AND INMATE [redacted] DATE

TIME TO HAVE THEM REMOVED. HOW CAN NURSE V. PHIPPS MADE SUCH A STATEMENT IF NURSE PHIPPS HAVE NEVER CONDUCTED ANY EXAMINATION OF MY EAR AND THROAT CONDITIONS. FURTHERMORE NURSE PHIPPS IS NOT EAR SPECIALIST AND OR A DOCTOR, AND THE DOCTOR WHO EXAMINED ME i.e. DOCTOR GREENE FOUND THAT I HAVE AN INFECTION DEEP INTO MY
SEE ATTACHED.

RECEIVED
MAR 13 2003
Virginia Interstate
Corrections Compact

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Department of Corrections**
**CLASSIFICATION DEPARTMENT**
**P.O. Box 8249**
**Cranston, R.I. 02920**

December 23, 2002

R.C. Nixon, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261-6962

Re: Bernardo Figueroa
ACI [redacted]a [redacted]

Dear Ms. Nixon:

Enclosed please find a memorandum dated December 20, 2002, from Michael Grant, Deputy Chief Legal Counsel/R.I.D.O.C.

In the enclosed memorandum it has been alleged by Rhode Island inmate Figueroa that one of our local hospitals has implanted a device in his ear canal without his consent, and he has asked for injunctive relief. I am requesting that a medical staff member in the Commonwealth of Virginia review Deputy Chief Legal Counsel Grant's memorandum to verify whether Mr. Figueroa's alleged complaint is with or without foundation.

Please advise this office if the Commonwealth of Virginia is willing to assist us in this matter.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

cc: M. Grant
1202nixon

C

**Dinitto, Joseph**

RECEIVED
MAR 1 3 2003
Virginia Interstate
Corrections Compact

**From:** Grant, Mike
**Sent:** Friday, December 20, 2002 11:11 AM
**To:** Dinitto, Joseph
**Subject:** Figueroa

Joe, Figueroa has filed an action alleging that RI Hospital implanted a device in his ear canal without his consent. He has asked for injunctive relief. In objecting I need to say that we have called Virginia for a medical exam to determine if in fact any type of device has been implanted in his ear, if not if we could have a report to that effect; if there is an implant we need to know what it is and if it needs to be removed. Please call me w/ any questions. Mike

 "EXHIBIT-"D""

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**BERNARDO FIGUEROA**

**v.** **C.A. No. 03 - 186 ML**

**JOSEPH DINITTO, ASHBEL T. WALL,**
**and P. JENSON**

## ORDER

Upon consideration of plaintiff's motion to intervene, and the relevant law, said motion is **DENIED.**

To the extent that plaintiff seeks medical treatment, he is hereby directed to pursue this matter with the appropriate medical professionals at the Virginia prison where he is confined.

IT IS SO ORDERED.

Jacob Hagopian
United States Magistrate Judge
April 22, 2004

 "D"

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V. C.A. NO. 04-358ML

A.T. WALL

**ORDER**

Upon consideration of Plaintiff's Motion to intervene, and the relevant law, said motion is DENIED.

To the extent that plaintiff seeks medical treatment, he is hereby directed to pursue this matter with the appropriate medical professionals at the Virginia prison where he is confined.

ENTER:

Barbara Barletta

PER ORDER:

J Hagopian

Jacob Hagopian
Senior U.S. Magistrate Judge
Date: March 20, 2005

20