UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO INTERVENE/FOR A COURT ORDER

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's motion to intervene/for a Court Order as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 14th day of September, 2005, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion To Intervene/For a Court Order and accompanying Memorandum to Bernardo Figueroa, #272332, Red Onion State Prison, P. O. Box 1900, Pound, Virginia 24279.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

MEMORANDUM

Plaintiff, a Rhode Island penal inmate, was voluntarily transferred to the state of Virginia in 1999. Plaintiff has filed a number of legal actions against Defendants since his transfer covering a wide variety of issues concerning conditions of confinement. Plaintiff seeks an order from this Court directing Defendants to have an implanted device removed from the Plaintiff's ear canal. For the following reasons, Plaintiff's motion should be denied.

Plaintiff has previously brought actions against the same Defendants alleging that some type of device had been surgically implanted into Plaintiff's ear canal. This Honorable Court in **Figueroa v. Wall, Et Al**, C. A. No. 01-137 dismissed the action; in **Figueroa v. Wall, Et Al**. C. A. No. 04-358 ML. A Report and Recommendation was issued by United States Magistrate Judge Jacob Hagopian on September 6, 2005 recommending summary judgment be granted for Defendants. Accordingly, this Honorable Court has already adjudicated Plaintiff's claim concerning the implanted device on its merits, and thus, the same cannot be re-litigated a second time under the doctrine of *res judicata*. **Semtek International Incorporated v. Martin Corporation**, 531 U. S. 497 (2001).

Moreover, the thrust of the Plaintiff's motion is basically a request for injunctive relief. In order to succeed on a motion for preliminary injunctive relief, a Plaintiff must demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction

does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See **Narragansett Indian Tribe v. Guilbert**, 934 F2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requisites necessitates a denial of the motion. Here, Plaintiff, in his motion, fails to point to any factual predicate which would warrant injunctive relief.

Accordingly, Defendants urge that Plaintiff's motion be denied.

Respectfully submitted,

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864