UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V. C.A. No. 05-185S

ASHBEL T. WALL, ET. AL.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO HIS MOTION FOR A COURT ORDER

Now Come the above named Plaintiff in Pro-se, and hereby Respectfully state in Response to defendants' objection to his Motion For a Court Order as follows:

the Plaintiff Who is sentenced to the Custody and Care of the Rhode Island Department of Corrections, on August 5, 1999, Was involuntarily and by Force transfered to Virginia, known to be unconstitutional, unsafety, dangerous and life-threatening Prison Conditions

Do to the unconstitutional Conditions of Confinement that exist in Virginia Prison On October 16, 2005, Edwin Rivera a

Rhode Island Penal inmate and Plaintiff Bernardo Figueroa was Returned to the Rhode Island A.C.I. then inmate Rivera was Relocated in the State of New Hampshire, and Plaintiff Figueroa Confined in Isolation at the intake Service Center of the R.I. A.C.I. Where he has been.

On October 23, 2005, Plaintiff Wrote to defendant DiNitto requesting him to have his legal materials Returned to him. in his Response of October 25, 2005, defendant DiNitto stated that Plaintiff's legal materials Will Remain in Virginia because he is in Rhode Island for Court Proceedings.

On October 24, 2005, during a telephonic conference before U.S. magistrate Judge Jacob Hagopian, Judge Hagopian told defendants' Attorney that Plaintiff shall be Transfer back to Virginia, the same day Plaintiff Wrote a letter to Judge Hagopian notifying him that he Will not going back to Virginia alive that he Will kill himself if they transfer him to Virginia, Judge Hagopian sent a copy of said letter to Rhode Island Prison officials and Plaintiff was Placed in Suicide Watch.

On November 3, 2005, Plaintiff Wrote to defendant DiNitto again requesting his legal materials. in his Response of November 8, 2005

Defendant DiNitto suggest that Plaintiff Write to Mr. Terry Glenn in Virginia, that it is the Responsibility of Virginia Officials to Provide him with his legal materials.

On November 10, 2005, Plaintiff Wrote to Mr. Terry Glenn, and Mr. Gene Johnson, Director of Virginia D.O.C. Requesting them to send him his legal materials, in their response of November 21, 2005, Mr. Glenn stated: that Plaintiff's Request has to be made through Rhode Island interstate compact Administrator.

On November 23, 2005, Plaintiff again Wrote to defendant DiNitto explaining to him that he have several court deadline to met, that virginia officials have informed him that his Request has to be made through Rhode Island Prison officials and that he need access to his legal material in emergency basis. In his Response of December 7, 2005, Mr. DiNitto stated: I am suggesting that you talk to your assigned counselor.

Immediately Plaintiff spoked to his assigned counselor Ms. Debbie Moretti, and Counselor Moretti advised Plaintiff that she cannot made said Request for his legal materials without the authorization of the administration.

On December 18, 2005, Plaintiff Wrote to Director A.T. Wall and Assistant Director Jake Gadsden and made the same Requests for his legal materials. Said Requests was disregarded.

Defendants' excuse that Plaintiff shall be returned to Virginia within the next forty-five (45) to ninety (90) days, and that would be futile to have his legal materials returned to him is not a valid reason to deny him his First Amendment right. In fact Plaintiff have several court proceeding and trial and therefore he is entitled to have his legal materials as matter of law.

Furthermore, this court is aware of the unconstitutional conditions Plaintiff have been subjected in Virginia Prison. With all due respect Plaintiff respectfully submit that if this court allow the Department of Corrections' defendants to transfer him back to Virginia he will kill himself.

Therefore, Plaintiff's motion to have his legal materials returned to him should and must be granted without further delay.

Respectfully submitted,

[signature]

Bernardo Figueroa
I.D. # 80803
I.S.C. P.O. Box 8249
Cranston, RI. 02920

# CERTIFICATE OF SERVICE

I hereby Certifies that on this 20th day of December 2005. A true copy of the within Response was mailed to defendants' attorney Michael B. Grant. Esq. at R.I.D.O.C. 40 Howard Avenue, Cranston, R.I. 02920

[signature]

BERNARDO FIGUEROA