UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BERNARDO FIGUEROA,
Plaintiff-Appellant,

v. No. 05-2553

JOSEPH A. DINITTO, ET. AL.;
Defendants-Appellees.

MOTION FOR TEMPORARY RESTRAINING ORDER AND-OR FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff-Appellant, Bernardo Figueroa, Pro-se in the above-Entitled Matter, and Pursuant to Rule 65 Fed. R. Civ. P. Respectfully requests this Honorable Court to issue a temporary and Permanent Restraining Order (TRO) and or a Preliminary injunction to defendants Joseph Dinitto and Ashbel T. Wall, II, directing them to have all Plaintiff's legal materials and legal supplies Returned and or delivry to him Forthwith.

DATED: JANUARY 29, 2006

Respectfully submitted,

[signature]

BERNARDO FIGUEROA
I.D. # 80803
ISC. P.O. BOX 8249
CRANSTON, R.I. 02920

## CERTIFICATE OF SERVICE

I hereby Certifies that on this 29th day of JANUARY 2006, A TRUE COPY OF the Within Motion FOR T.R.O. AND OR PRELIMINARY INJUNCTION Was mailed to All NAMED DEFENDANTS AND their Attorney Michael B. GRANT, esq. At RIDOC, legal Department 40 Howard Avenue, CRANSTON Rhode Island, 02920

[signature]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BERNARDO FIGUEROA,
Plaintiff - Appellant,

V. NO. 05-2553

JOSEPH DINITTO, Et. AL.;
DEFENDANTS - APPELLEES

# AFFIDAVIT

I. BERNARDO FIGUEROA, declares UNDER PENALTY OF PERJURY:

1. I AM the Plaintiff-Appellant in this CASE. I MAKE this affidavit in support of my motion for a Temporary Restraining Order and or a Preliminary injunction to ensure that I receive my legal materials and legal supplies.

2. I AM SENTENCED to the Custody CARE AND Control OF the RIDOC, AND ON August 5, 1999, I WAS involuntarily AND by FORCE TRANSFERRED to A Virginia Confinement Facility pursuant to the Interstate Corrections Compact Agreement.

3. ON October 16, 2005, I Was Returned to the Rhode Island A.C.I. And All My legal Materials And legal Supplies Was held At the Virginia Red Onion State Prison And Powhatan Receiving and Classification Center.

4. Upon My Arrival to the R.I.A.C.I. I Was Placed in Solitary Confinement Where I have been Keeping At the Intake Service Center despite that I have been Confined in Segregation for the Past Eight and A half (8 1/2) of Years.

5. ON October 23, 2005, I Sent a letter to Mr. Joseph DiNitto Asking him to have My legal Materials and Personal belongings Returned to Me. in his Response of Oct. 25, 2005, he Stated that my Personal belongings Will Remain in Virginia PLEASE SEE ENCLOSURE-"A"

6. ON November 3, 2005, Again I Wrote to Mr. DiNitto Explaining to him that I have several Courts deadlines to met to Please have my legal materials Returned to Me. in his Response of Nov. 8, 2005, he Stated: I suggest that you Write to Mr. Terry Glenn in Virginia, Please SEE ENCLOSURE 'B'."
I did Wrote to Mr. Terry Glenn in Virginia and he told me that request for legal materials and Personal belongings Need to be made by the Inter-

state compact officials in Rhode Island.

7. Again on November 28, 2005, I wrote to Mr. DiNitto and explained to him in detail that I contacted Mr. Glenn, and what he told me that I have to comply with several court orders and need my legal materials. In his response of Dec. 7, 2005, he stated: I suggest you talk to your assigned counselor. Please see Enclosure-"C".

8. I spoke to my assigned counsel Debbie Moretti in several occasions and each time she told me she cannot made request for my legal materials without the authorization of the administration.

9. I wrote to the Director and Assistant Director requesting them to have my legal materials returned to me. In his response of January 13, 2006, Director Wall stated that my letter was forwarded to Warden McCauley for review and response. Please see Enclosure-"D".

10. I filed a motion in the U.S. District Court seeking an order directing the defendants to transfer my legal material from Virginia to the R.I.A.C.I. to me, and on January 5, 2006, the District Court issued an

Order in which the defendants was ordered to arrange a transfer of all plaintiff's legal materials currently in Virginia Facility; to him at the A.C.I. Defendants shall comply forth with not later than 14 days from the date of the order. Please see enclosure- "E"

11. Defendants-appellees do not only have failed, refused and neglect to returning plaintiff his legal materials and legal supplies, but also have fails refuses and neglect to comply with the District court order, and the District court has not yet take action.

12. together, these defendants-appellees have legal responsibility for providing the plaintiff-appellant with all his legal materials and legal supplies as well as the authority to arrange it.

13. For the reasons set forth in the brief filed with this motion, the plaintiff-appellant is entitled to a temporary and permanent restraining order and or preliminary injunction requiring the defendants-appellees to arrange a transfer of all of plaintiff-appellants' legal materials and legal supplies without further delay

14. FOR the FOREGOING REASONS, the COURT should GRANT the PLAINTIFF-APPELLANTS MOTION IN ALL RESPECTS.

PURSUANT to 28 U.S.C. 1746, I declare UNDER PENALTY OF PERJURY that The Foregoing is True and Correct.

Signed on this 29th day OF JANUARY 2006

[signature]
BERNARDO FIGUEROA

CERTIFICATION

I hereby certifies that on this 29th day OF JANUARY, 2006, A TRUE COPY OF the Within AFFIDAVIT WAS MAILED to All NAMED DEFENDANTS-APPELLEES And Their ATTORNEY Michael Grant, Esq. At RIDOC. 40 Howard Avenue, Cranston R.I. 02920, And the U.S. District Court of Rhode Island.

[signature]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BERNARDO FIGUEROA,
PLAINTIFF-APPELLANT,

V. No. 05-2553

JOSEPH DINITTO, ET AL.;
DEFENDANTS-APPELLEES.

BRIEF IN SUPPORT OF APPELLANT'S MOTION FOR T.R.O. AND-OR PRELIMINARY INJUNCTION

the Plaintiff-appellant seeks a Temporary and Permanent Restraining Order and or a Preliminary injunction to defendants-appellees to ensure that he receives all his legal materials, and legal supplies without further delay.

STATEMENT OF FACTS

As stated in the affidavit submitted with this motion, the plaintiff-appellant, is a Rhode island inmate presently confined at the A.C.I. intake service center segregation unit and all his legal materials and legal supplies

have been delibeRatelly held by the defendants and their attorney in both a Virginia Confinement Facilities and at the Rhode Island DOC's legal Department. Plaintiff-appellant asserts that all his legal materials and legal supplies are needed to prepare the brief in this appeal and the prosecution of other legal matters he have pending in both the Federal and state courts of Rhode Island including appeal in his criminal conviction

the defendants-appellees against whom relief is sought are, respectively, the Director of the RIDOC, who is responsible for the care and custody of the appellant, and the associate Director who is responsible for all matter relative to the interstate corrections compact. both are responsible for plaintiff-appellant's legal materials and legal supplies and both were ordered by the U.S. District Court to arrange a transfer of all of plaintiff's legal materials, to him forthwith not later than 14 day and they fails, refuses and neglect to comply with an executive federal court order.

ARGUMENT

# POINT - 1

## THE PLAINTIFF-APPELANT IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider four factors: whether the party will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. THE APPELLANT IS TREATENED WITH IRREPARABLE HARM.

The plaintiff-appellant asserts that he has been deliberately denied access to his legal materials and legal supplies which are needed to prepare for the prosecution of this instant appeal and for other legal matters he have pending. Such conduct by prison officials is a clear violation of the First Amendment. BOUNDS V. SMITH, 430 U.S. 817, 828, 97 S. Ct. 1491 (1977).

In addition, plaintiff-appellant is threatened with irreparable injuries because the courts has

set deadlines and all his cases can be dismissed for lack of prosecution, with prejudice.

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96. S. Ct. 2673 (1976).

B. THE BALANCE OF HARDSHIPS FAVORS THE APPELLANT

In deciding whether to grat TRO's and or preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied, will outweigh the suffering of the non-moving party if the motion is granted.

in this case, the present suffering of the plaintiff-appellant and his potential suffering if he permantly loses his legal materials and legal supplies and his pending case dismissed. The defendants-appellees' hardship amounts to nothing, and or no more than have all plaintiff's legal materials and legal supplies returned to him.

C. LIKELIHOOD TO SUCCEED ON THE MERITS

the plaintiff-appellant likelihood of success on the merits. What defendants-appellees have

done intentionally interfering and obstructing Appellant's Constitutional rights to Courts access was specifically singled out by the U.S. Supreme Court as an example of unconstitutional denial of access to the Courts. Bounds v. Smith, 97 S.Ct. 1491 (1977).

D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Anaya, 462 F.Supp. 510, 527 (D.N.M. 1986). ("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest.) See Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D. Mich 1975), (The Constitution is the ultimate expression of the public interest).

POINT-II

THE PLAINTIFF-APPELLANT SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65 (c), Fed. R. Civ. P. However, the plaintiff-appellant is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez v. Smith, 541 F. Supp. 351, 385 n. 30 (C.D. Cal. 1982). I view of the serious loss of constitutional rights confronting the plaintiff-appellant, the court should grant the relief requested without requiring the posting security.

CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

DATED: January 29, 2006

Respectfully submitted
[signature]
BERNARDO FIGUEROA
I.D. # 80803
I.S.C. P.O. BOX 8249
CRANSTON, R.I. 02920

# CERTIFICATE OF SERVICE

I hereby Certifies that on this 29th day of January 2006, a true copy of the within Brief was mailed to all named defendants-appellees and their attorney Michael B. Grant, Esq. at RIDOC 40 Howard Avenue Cranston, RI- 02920, and a courtesy copy to the U.S. District Court of Rhode Island at United States District Court Office of the Clerk Two Exchange Terrace Providence, RI- 02903.

[signature]
BERNARDO FIGUEROA

ENCLOSURE - "A"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

October 25, 2005

Bernardo Figueroa, ID #80803
Intake Service Center
Rhode Island Dept. of Corrections
Cranston, Rhode Island 02920

Dear Mr. Figueroa:

In response to your letter dated October 23, 2005, please be advised of the following.

It is my understanding that all your personal belongings will remain in the Commonwealth of Virginia. You are in Rhode Island for court proceedings; and when your court proceedings are completed, you will be returned to the Commonwealth of Virginia.

This office received a phone call from Virginia officials indicating that your legal material and/or mail will be forwarded to you at this address. All other issues (i.e. showers, shoes and access to a counselor) can be directed to the Warden, Deputy Warden and/or your assigned counselor.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

JAD/mh
cc: file
1005figueroa