UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

DEFENDANTS' MOTION FOR LEAVE

Pursuant to Rule of Civil Procedure 6(b)(2), now come the Defendants in the above-entitled matter and hereby move This Honorable Court for leave to extend time to the instant Defendants to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 10th day of March, 2006, a true copy of the enclosed Defendants Motion For Leave and accompanying Memorandum was mailed to Bernardo Figueroa, P. O. Box 8249, Cranston, R. I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

MEMORANDUM

Plaintiff, a Rhode Island penal inmate, was voluntarily transferred to a prison facility in the state of Virginia in 1999. The parties executed a stipulation to that effect on October 29, 1998, which was ordered by United States Magistrate Judge Jacob Hagopian (please see attached Stipulation).

The Plaintiff correctly urges in his complaint and his pre-trial memorandum filed in this case, that in 1999 the Defendants had agreed to allow Plaintiff to receive surgery to his left eye. The surgery was never performed, not because of the Plaintiff's transfer to Virginia, as he alleges, however, because Plaintiff refused to engage in pre-op testing required by Rhode Island Hospital prior to undergoing the surgery. Accordingly, the surgery was never performed and on August 5, 1999, Plaintiff was transported to a confinement facility in the state of Virginia.

Plaintiff urges, in the instant action, that the Defendants are in violation of the Eighth Amendment in refusing Plaintiff to have surgery to his left eye and also, refusing to allow Plaintiff to have implants removed, which he alleges were unlawfully placed in his ears.

Since the filing of the instant lawsuit, the parties have discussed settlement and the Defendants have agreed to have Plaintiff receive surgery to his left eye, assuming that

Plaintiff will engage in pre-op testing, and also, to have the Plaintiff's ears examined relative to his claims that implants were inserted. As of this date the Plaintiff's ears have been examined by a physician.[1] Plaintiff's surgery to his left eye is scheduled for a date in early April, 2006. Defendants are urging that the Plaintiff did not receive his eye surgery because of his own refusal to engage in pre-op testing and that the condition to his left eye did not constitute a serious medical need, a necessary finding to serve as a basis for liability under the Eighth Amendment for lack of adequate medical care. However, as a result of an exam of Plaintiff at R. I. Hospital on 3-7-06, an exam required prior to surgery, R. I. Hospital documents indicate that Plaintiff, for a second time, is refusing to have this surgery.

Federal Rule of Civil Procedure 6(b) states, "when . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) . . . (2) upon motion made after the expiration of the specified period permit the act to be done with a failure to act with the result of excusable neglect; . . ." Defendants urge that the late filing of the instant motion has been done in good faith and that the Plaintiff has suffered no prejudice as a result.

Accordingly, the Defendants request to and including March 21, 2006 to file a dispositive motion, based on the results of the exam to Plaintiff's ears and his refusal to undergo eye surgery. The instant action has been placed on the Court's April jury trial calendar.

Respectfully submitted,

Michael B. Grant, Esq., Bar No. 3864
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, R. I. 02920

[1] Plaintiff raised and argued this identical claim in Action 01-137 T, which was dismissed. Said dismissal shall be raised in Defendants' dispositive motion if leave is granted.