UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

**AFFIDAVIT OF FRANCIS X. FIGUEROA, M. D.**

1. I, Francis X. Figueroa, am a medical doctor licensed to practice medicine in the State of Rhode Island. My specialty is ophthalmology.

2. I maintain a private practice in Cranston, Rhode Island; however, I also serve as an independent contractor with the Adult Correctional Institutions, Cranston, Rhode Island and periodically examine inmates housed at the ACI, who are in need of eye care.

3. From 1994 through 1998, I examined the Plaintiff, Bernardo Figueroa, on a number of occasions. Although the exhibits attached to this affidavit only concern care I provided Plaintiff in 1997 and 1998, I have examined and cared for Plaintiff since 1994.

4. I have evaluated and reviewed Mr. Figueroa's medical record maintained by the ACI as it concerns his vision. True copies of Mr. Figueroa's ACI medical record are appended herewith and identified as **Exhibits A through J**.

5. I saw Plaintiff on September 17, 1997 and prescribed the medication, Vascodin, a non-steroid anti-inflammatory. I noted in the record that the Plaintiff's left eye was not red or irritated and that he did, in fact, have the condition known as pterygium of the left eye, which is a condition which involves a growth over the white part of the eye. In the Plaintiff's case, on September 17, 1997, the growth concerning his left eye was extremely small See **Exhibit A**, attached herewith. I noted in the medical record that Mr. Figueroa's vision was stable. **See Exhibit B**.

6. I again saw Plaintiff on October 29, 1997, where I noted in the medical record that his left eye was a little red and I prescribed an ointment for the Plaintiff.

7. I again saw the Plaintiff on December 17, 1997 and noted that the Plaintiff was requesting surgery. I indicated in the ACI medical record that the growth was still small and that his vision was not affected. I noted in the ACI medical record that I would consider Plaintiff for surgery to his left eye in the spring. See **Exhibit C**, attached herewith.

8. I next saw Plaintiff on February 18, 1998 and noted that his vision was 20/25, which I consider to be excellent vision. I noted in the ACI medical record that the growth to the Plaintiff's left eye was small and that I made a referral for the Plaintiff to be seen at Rhode Island Hospital for possible surgery. See **Exhibit D**, attached herewith.

9. I next saw the Plaintiff on April 29, 1998, when I referred him to Rhode Island Hospital for the hospital staff to consider possible surgery to his left eye. See **Exhibit E**, attached herewith.

10. I next saw the Plaintiff on July 22, 1998 and noted that the growth to the Plaintiff's left eye was still small and sent him to Rhode Island Hospital for consideration of surgery. The growth to his left eye at this time did not affect Plaintiff's vision. See **Exhibit F**, attached herewith.

11. I next saw Plaintiff on February 18, 1998. I referred Plaintiff to the eye clinic at R.I. Hospital. Plaintiff did, in fact, go to Rhode Island Hospital and was examined by Bryan A. Welcome, M. D., on July 31, 1998, who made an illustration in the Plaintiff's ACI medical record relative to the growth in Plaintiff's left eye, which indicated that the growth was small. See **Exhibit G**, attached herewith.

12. I next saw Plaintiff on November 18, 1998, where I noted in his ACI medical record that I sent the Plaintiff to Rhode Island Hospital for an evaluation relative to possible surgery to his left eye. See **Exhibits H & I**, attached herewith.

13. On December 18, 1998, Plaintiff was seen by Dr. Bryan Welcome at Rhode Island Hospital concerning Plaintiff's left eye and again Dr. Welcome illustrated Plaintiff's condition to his left eye in the medical record, which I have reviewed and find that the growth was still small. See **Exhibit I**, attached herewith.

14. At no time during my examinations of the Plaintiff, from 1994 through 1998 did Plaintiff's condition to his left eye in any way hinder or depreciate the quality of his vision.

15. I have also reviewed Plaintiff's medical record, specifically a Department of Corrections request for referral form signed by Dr. Melnick, who referred the Plaintiff to Rhode Island Hospital for surgery on or about December 14, 2005. Plaintiff's medical record indicates that on March 8, 2006, Plaintiff was seen at Rhode Island Hospital; that Plaintiff still had the condition known as pterygium to his left eye; the entry is made by staff of Rhode Island Hospital on March 8, 2006 and is contained in the Plaintiff's ACI medical record, which indicates that the patient was seen on that date without symptoms to his left eye, and that he would be given artificial tears as needed and **that the patient did not desire surgery**. See **Exhibit J**, attached herewith.

16. The condition of pterygium is one that in the vast majority of cases does not hinder or depreciate the quality of a patient's vision. The condition involves a covering over the white portion of the eye, sometimes caused by extreme dust or sun exposure. The eye may become inflamed and may cause irritation. The removal of the covering involves elective surgery only and does compromise an individual's quality of eyesight.

17. Based on my personal examinations of Plaintiff and review of his entire ACI medical record concerning his vision, it is my opinion to a reasonable degree of medical certainty that the Plaintiff's condition to his left eye is relatively minor, and does not, at present, hinder or depreciate the quality of his vision. In my opinion, as an ophthalmologist, to a reasonable degree of medical certainty, the condition to the Plaintiff's left eye has neither in the past, nor at present, constitute a serious medical need mandating surgery in order to preserve or maintain the quality of the Plaintiff's vision.

Francis X Figueroa MD
FRANCIS X. FIGUEROA, M. D.

Subscribed and sworn to before me, in Cranston, this 17th day of March, 2006.

Notary Public
My Commission expires 9-9-09