FULL EXHIBIT – "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BERNARDO FIGUEROA | : | |
| | : | |
| vs. | : | C.A. No. 98-169ML |
| | : | |
| GEORGE A. VOSE, JR., et al | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO HOLD THE DEFENDANTS IN CONTEMPT**

Now come the defendants and hereby object to plaintiff's Motion to Hold the Defendants in Contempt as and for the reasons proffered in the accompanying memorandum.

It is noted that defendants have submitted an objection to plaintiff's motion for contimpt. However, plaintiff never filed such a motion with the court. Accordingly, no action has been taken.

U.S. Magistrate Judge Jacob Hagopian
Date: March 23, 1999

DEFENDANTS

By their Attorney,

Michael B. Grant, # 3864
Senior Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622

**CERTIFICATION**

I hereby certify that on the _____ day of March 1999 I sent a true copy of the within document by first-class mail postage prepaid to: Bernardo Figueroa at P.O. Box 8200, Cranston, RI 02920.

_______________________

18

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA :
vs. : C.A. No. 98-169ML
GEORGE A. VOSE, JR., et al :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT**

Plaintiff, a Rhode Island penal inmate, initially filed this action in this court seeking court intervention relative to receiving surgical treatment (a procedure called excision) to his left eye. On January 12, 1999 the parties executed a Memorandum of Stipulation wherein the defendants agreed to schedule surgery for plaintiff's left eye at Rhode Island Hospital, and that pre-operative procedures would be performed either at the ACI or Rhode Island Hospital. Plaintiff agreed to cooperate with all procedures necessary in preparation for surgery.

Plaintiff now files a contempt motion alleging that the defendants have refused to schedule plaintiff for the hereinbefore agreed eye surgery at Rhode Island Hospital. Relative to an application for contempt, the burden is placed on the individual seeking relief through said vehicle and which is outlined in Cugini v. Ventetuolo, 781 F.Supp. 107 (January 2, 1992), that it will be the unusual case, involving marked departure by state officials from an order of court which might give rise to a supportable claim.

Although the plaintiff alleges in his motion that the defendants are in contempt and are refusing to provide him with surgery to his left eye, it is the plaintiff who has stood idle and failed to follow the proper procedures in order to receive the desired surgery. On January 21, 1999 immediately following the

A

plaintiff who has stood idle and failed to follow the proper procedures in order to receive the desired surgery. On January 21, 1999 immediately following the execution of the agreement between the plaintiff and the defendants, the undersigned mailed to plaintiff a memorandum indicating that he would be permitted to undergo the surgery, however, he must request the surgery pursuant to normal High Security Center procedures; that he would have to request to see Dr. Figueroa and explain to the doctor that he (plaintiff) again wished to undergo surgery. Dr. Figueroa would then take all appropriate actions in preparing the plaintiff for the surgery and to schedule the actual surgery. (See, Memorandum dated January 21, 1999 attached hereto.)

On March 5, 1999 the undersigned contacted Nurse Rosemary DiGuilio of the High Security Center, who sees plaintiff on a daily basis and who has dealt with plaintiff relative to this surgery in the past, who indicated to this office that the plaintiff has not made any attempt to again seek eye surgery. Nurse DiGuilio indicates, as the plaintiff is aware, that all the plaintiff has to do to schedule eye surgery is to file a medical request slip with one of the nurses, whom he sees on a daily basis, to be seen by the doctor. An appointment will then be made for the plaintiff to be seen by the doctor, and once examined, pre-operative tests and the surgery will be scheduled.

Plaintiff is well aware of these procedures, and moreover, was advised by the undersigned in January as to how to once again schedule his eye surgery.

A

Accordingly, the defendants urge that the plaintiff's motion should be denied, the plaintiff having failed to show that the defendants are in contempt of this court's order and of its agreement with the plaintiff relative to surgery.

DEFENDANTS

By their Attorney,

Michael B. Grant, # 3864
Senior Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622

A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BERNARDO FIGUEROA | : | |
| | : | |
| vs. | : | C.A. No. 98-169ML |
| | : | |
| GEORGE A. VOSE, JR., et al | : | |

**AFFIDAVIT**

I, Rosemary DiGuilio, do hereby, under oath, depose and say:

1. I am a nurse at the High Security Center at the Adult Correctional Institutions, Rhode Island Department of Corrections.

2. In the last seven weeks inmate Bernardo Figueroa has not filed a medical request slip to been seen by any doctor with medical staff at the High Security Center nor has he requested surgery for his left eye.

3. Normal procedures at the High Security Center for an inmate to receive any type of surgical procedure or procedure which has to be performed by an outside medical facility, is for the inmate to file a medical request slip with one of the nurses, who are available to the High Security Center inmates on a daily basis. Any nurse who receives such a request from an inmate would then schedule an appointment for the appropriate doctor to see said inmate relative to his request. After the physician has examined the inmate, the doctor determines whether an outside procedure is necessary, and if so, would execute the appropriate documents to schedule the procedure with the appropriate outside medical facility.

A

4. If inmate Bernardo Figueroa files a medical request slip to see a physician, an appointment will be scheduled for him to be examined and the examining physician can then schedule inmate Figueroa's eye surgery.

Rosemary Di Giulio RN
Rosemary DiGuilio

Subscribed and sworn to before me in the City of Cranston, County of Providence, State of Rhode Island on this 12th day of March 1999.

Notary Public
My commission expires: 3/12/99

A

FILE COPY

# Office of Legal Counsel

**Date:** January 21, 1999

**To:** Bernardo Figueroa

**From:** Michael B. Grant, Esq., Sr. Legal Counsel

**RE:** Eye Surgery

---

I have contacted the medical personnel at the High Security Center relative to our agreement and dismissal of your civil action concerning your eye. I have been directed to inform you that you will be permitted to undergo the desired surgery which we discussed before Judge Hagopian last week, however, you must request the surgery again, pursuant to normal procedures. Please request to see Dr. Figueroa. When you meet with Dr. Figueroa, explain to him the circumstances and that you again wish to have the surgery. Dr. Figueroa will take all appropriate actions and, of course, when the pre-operative procedures (i.e., blood tests, EKG) are required, you have agreed to comply with such procedures.

Good luck with the procedure.