UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR A COURT ORDER

Now come the Defendants in the above-entitled matter and hereby object to Plaintiff's motion for a Court order as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 25th day of April, 2006, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion for a Court Order and accompanying Memorandum to Bernardo Figueroa, P. O. Box 8249, Cranston, R.I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

MEMORANDUM

Plaintiff indicates in his motion that on February 14, 2006, his legal materials were transferred from a confinement facility in Virginia to Plaintiff's current place of confinement, at the Intake Service Center in Cranston. Plaintiff alleges that when the materials were, in fact, received by him at the Intake Center, that most of the material was not allowed to be maintained in his cell and kept in an outside area. Plaintiff indicates that he is allowed one (1) hour per day to go through materials kept outside of his cell. Plaintiff indicates that said one (1) hour per day is not sufficient time, as he has a number of pending cases before the Courts. What Plaintiff does not indicate is that as per Department of Corrections policy, inmates are only permitted to keep within their cells one (1) cubic foot of legal materials on the basis that excess paper constitutes and creates a fire hazard. However, inmates on a daily basis, including Plaintiff, exchange legal materials in their cells with materials maintained outside of their cells. In the event that Plaintiff wanted to spend several days working on the instant case, he can maintain his file in his cell for the required duration, and then simply exchange said materials with another file at his discretion.

Accordingly, it is urged that the Plaintiff's motion be denied.

Respectfully submitted,

Michael B. Grant, Bar No. 3864
Deputy Chief Legal Counsel
Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920