UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants in the above-entitled matter and hereby move to dismiss pursuant to Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 26th day of September , 2006, I mailed a true copy of the within Defendants' Motion to Dismiss and accompanying Memorandum to Bernardo Figueroa, P. O. 8249, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-185 S

A. T. WALL, ET AL

**MEMORANDUM**

Plaintiff, a Rhode Island penal inmate, was voluntarily transferred to a prison facility in the state of Virginia in 1999. The parties executed a stipulation to that effect on October 29, 1998, which was ordered by United States Magistrate Judge Jacob Hagopian.

In 1999, the instant Defendants had agreed to allow Plaintiff to receive surgery to his left eye. The surgery was never performed as a result of Plaintiff refusing to engage in pre-op testing required by Rhode Island Hospital prior to undergoing the surgery. Accordingly, the surgery was never performed and on August 5, 1999, Plaintiff was transported to a confinement facility in the state of Virginia.

Plaintiff urges, in the instant action, that the Defendants are in violation of the Eighth Amendment for the United States Constitution in refusing him to have surgery to his left eye and also, refusing to allow Plaintiff to have implants removed, which he alleges were unlawfully placed in his ears.

As will be discussed below, Plaintiff has filed other lawsuits in this Court against the same Defendants claiming constitutional violations as a result of Defendant not allowing him to undergo eye surgery or to remove implants in his ears. Those complaints

have been dismissed. Defendants, a second time, had ordered surgery for the Plaintiff relative to his eye concerns, and Plaintiff again refused to undergo surgery as a result of pending litigation.

**12(b)(6)**

In Rule 12(b)(6), motion should not be ranted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957). (footnote omitted); see also, **Ferrante v. Moran**, 618 F.2d 888-890 (1st. Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the plaintiff. E.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st. Cir. 1989). than those drafted by lawyers, **Haines v. Koerner**, 404 U. S. 519 (1972).Every doubt should be resolved in a way most beneficial to the plaintiff. E.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n.2 (D.R.I. 1969), and all well-pleaded allegations of the plaintiff's complaint should be accepted as true. E.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose pleadings are held to a somewhat less stringent standard.

Plaintiff, in the instant complaint, which was filed in 2005 alleges that for the previous three (3) years, he had complained to the Virginia medical and prison staff about having severe pain in his tooth and requested to be seen by a dentist; requested medical care that Virginia doctors felt did not require treatment; being denied to needed medical and dental care, subjected to serious unconstitutional conditions by prison officials between 2000 and 2004. "Plaintiff have been sent letters to the defendants explaining the

problems he is having in Virginia and requested to be re-located outside of Virginia jurisdiction"; Defendants have maliciously denied and disregarded all of Plaintiff's requests. See Complaint, ¶ 36-39.

**RES JUDICATA/DEFENDANTS WALL AND DI NITTO**

Plaintiff alleges in his complaint that he suffered unconstitutional conditions and unconstitutional treatment at the hands of prison officials, which he notified Defendants of. Plaintiff alleges that the Defendants, Wall and DiNitto, failed to respond to his complaints. This is not the first time that this Plaintiff has brought these identical claims against these two Defendants. Plaintiff, in Civil Action No. 01-137 T filed in this Court against Defendants Joseph DiNitto allege that he was transferred to Virginia where he was subjected to inhumane and cruel treatment and physically assaulted by several Virginia prison guards; that Plaintiff was shot by a Virginia prison guard; that Plaintiff complained to Virginia's medical staff and requested to be seen by a dentist; that Plaintiff complained to Virginia's medical staff with respect to vision problems due to a condition referred to as "progressive pterigyium". Plaintiff was seen by a physician in Virginia, Dr. Smith, regarding a medical problem he suffered involving his ear canal, due to an illegal implant conducted in Rhode Island; that Plaintiff has sent several letters to Defendant DiNitto and A. T. Wall to report his problem in Virginia prison system and requesting to be returned to Rhode Island; that the Defendants willfully, with deliberate indifference, denied his request. See Complaint, ¶ 20 appended herewith. Plaintiff alleged that the Defendants actions violated the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff sought compensatory and punitive damages as well as injunctive relief. See Complaint, in 01 137 T attached herewith. This Honorable

Court, on April 11, 2002, entered judgment on behalf of the Defendants in accordance with This Court's Orders entered on April 1, 2002. See Attached Orders appended herewith.

In 04-358 ML, Plaintiff brought a separate action before This Honorable Court against A. T. Wall and Joseph DiNitto, alleging that he was a Rhode Island penal inmate serving a sentence in the State of Virginia; that he was transferred to the state of Virginia; that he was subject to physical assault by Virginia prison guards, subject to inhumane treatment, denied medical and dental care, and was subject to general inhumane conditions at the hands of Virginia officials; Plaintiff alleges that he wrote to the Defendants regarding the abuse and inhumane treatment he was being subjected to in Virginia. He requested to be relocated outside of the Virginia jurisdiction; Plaintiff also alleged that he wrote to the Defendants about he being mentally and psychologically tortured in the Virginia prison, and again, requested to be relocated outside of that jurisdiction; the Plaintiff filed several complaints and grievances about his eye condition to the prison administrators in Virginia, for a condition referred to as "pterigyin"; that Virginia officials informed Plaintiff that he would not receive the eye surgery in that it was not medically necessary (See Complaint ¶ 25); that Plaintiff filed a complaint with the Virginia authorities complaining of severe pain and discomfort inside and around his ear canal due to implanted devices, and that he requested said devices be removed (See Complaint ¶ 26).

This Honorable Court, on September 27, 2005 issued a Memorandum and Order accepting the recommendation of United States Magistrate Judge Hagopian; that there was no likelihood that the Plaintiff would prevail on the underlying claims, and that the

Defendants' motion for summary judgment be granted. On March 27, 2006, the United States Court of Appeals for the First Circuit, Appeal No. 05-2553 entered judgment mandating that the Plaintiff's appeal of 04-358 ML was voluntarily dismissed pursuant to Federal Rule of Appellate Procedure 42 (b). See Memorandum and Order issued by This Court and Judgment by the First Circuit appended herewith.

The doctrine of *res judicata* is that a final judgment by a Court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. **Torromeo and MDR Corporation v. Town of Fremont, New Hampshire**, F.3d 113, 116 (1st. Cir. 2006). For *res judicata* to apply, three elements must be satisfied. The first is that the parties must be the same or in privity with one another; the second, that the same cause of action must be before the Court in both instances, and; a final judgment on the merits must have been rendered in the first action. Id. at 116.

There is no question that this same Plaintiff brought the same cause of action against the same Defendants, DiNitto and Wall on at least two previous occasions before This Court in 01-137 T and in 04-358 ML. In both of those previous actions, Plaintiff alleged against these same Defendants that his confinement in Virginia was unconstitutional; that he was being subjected to physical abuse, denial of medical care, in not being treated for an eye condition and having implants removed from his ear canal. These very same allegations are made in the instant action. Moreover, these very same claims are currently pending before This Court in 05-415 T, which the Defendants have filed a dispositive motion and which is presently pending before This Court. Accordingly, the instant action against Defendants DiNitto and Wall is barred by the

doctrine of *res judicata* and the Defendants urge that This Court deem the instant complaint against these Defendants as frivolous.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864