**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BERNARDO FIGUEROA**

v. **C.A. No. 05 - 185 S**

**A.T. WALL**, Director, Rhode Island
Department of Corrections, and
**JOSEPH A. DINITTO**, Associate Director,
Rhode Island Department of Corrections

**Report and Recommendation**

Jacob Hagopian, Senior Untied States Magistrate Judge

Bernardo Figueroa, a *pro se* inmate lawfully confined at the Rhode Island Department of Corrections (RI DOC), filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants A.T. Wall, Director of the RI DOC, and Joseph A. DiNitti, Associate Director of the RI DOC (collectively "defendants"). In his Complaint, plaintiff alleged essentially three claims. First, plaintiff contended that the defendants refused to provide necessary surgery to alleviate a condition he has in his left eye, in violation of the Eighth Amendment. Second, the plaintiff contended that the defendants secretly implanted devices in his ears and refused to remove those devices, in violation of the Eighth Amendment. And third, plaintiff contended that the defendants confined him at a prison in Virginia where alleged unconstitutional conditions

existed, in violation of the Eighth Amendment. On August 31, 2006, I issued a Report and Recommendation, recommending that the defendants' motion for summary judgement be granted as to the first and second claims. The District Court accepted that recommendation. Thus, all that remains in this case is plaintiff's third claim.

Currently before the Court is the motion of the defendants to dismiss plaintiff's third claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motion be **granted.**

**Background**

The following are the factual allegations culled from the Complaint, relevant to the sole remaining claim:

Plaintiff is an inmate legally incarcerated at the Rhode Island Department of Corrections, Adult Correctional Institutions. In 1999, pursuant to a settlement agreement entered in a separate case, the RI DOC transferred the plaintiff the Virginia Department of Corrections, to be housed in one of its facilities.

Plaintiff alleges during his stay in Virginia, he has been confined at numerous facilities. Plaintiff alleges that all of the facilities where he has been confined placed significant restrictions on his daily -life activities. At some point in time, plaintiff alleges he was confined at the Red Onion Prison in

Virginia, a super-maximum facility where he was placed in a constantly illuminated cell 23-24 hours a day. Plaintiff alleges that he wrote to the named defendants complaining about the significant restrictions he faced and also complained that Virginia was not providing adequate medical care. The time frame at issue in the Complaint ranges from 1999 through 2004.

Plaintiff filed suit seeking relief. Plaintiff claims that the conditions at the Red Onion prison violated the Eighth Amendment. Defendants have moved to dismiss this sole remaining claim. Plaintiff has not objected.

## Discussion

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic

circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. 42 U.S.C. § 1983**

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the

plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Here, however, defendants contend that the third claim asserted against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it is barred by res judicata, and cite Figueroa v. Wall, C.A. No. 01-137 T (hereinafter referred to as "Figueroa I" for purposes of this Report and Recommendation) and Figueroa v. Wall, C.A. No. 04-358 ML (hereinafter referred to "Figueroa II" for purposes of this Report and Recommendation) as evidence thereof.

**C. Res Judicata**

Under the federal law of res judicata, a final judgement on the merits of an action precludes the parties from re-litigating claims that were raised or could have been raised in that action. Porn v Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996). Res judicata promotes judicial efficiency and prevents "claim-splitting" by requiring litigants to assert all of their factual and legal theories pertaining to their claim the first time they come to court. Kale v. Combined Ins. Co. Of America, 924 F.2d 1161, 1165 (1st Cir. 1991)(internal quotes omitted).

The rules for res judicata, where a federal court is considering the effect of its own prior disposition of a federal claim on a newly brought federal claim, are a matter of federal law. Apparel Art Int'l, v. Amertex Enters, 48 F.3d 576, 582 (1st

Cir. 1995). The rules have developed through judicial decision, drawing on common law res judicata as it has developed over time. AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005). Before res judicata will apply, three factors must be present: "(1) a final judgement on the merits in the earlier action; (2) an identity of the cause of action in both earlier and later suits; and (3) an identity of the parties or privies in the two suits." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127 (1st Cir. 2005) citing Kale, 924 F.2d at 1156.

A final judgement for res judicata purposes "end[s] the litigation on the merits and [leaves] nothing for the court to do but execute the judgement." AVX Corp., 424 F.3d at 32. Here, there is no question that final judgements on the merits entered in both Figueroa I and Figueroa II. Thus, the first hurdle is satisfied. Second, the parties in the Figueroa I, Figueroa II, and the instant action are identical, satisfying the second hurdle. Accordingly, the only hurdle that remains is whether the cause of action in Figueroa I and/or Figueroa II is sufficiently identical to the instant suit.

In defining the cause of action for res judicata purposes, this circuit has adopted the "transactional" approach. Porn, 93 F.3d at 34. Under this approach, a valid and final judgement in the first action will extinguish subsequent claims "with respect to all or any part of the transaction, or series of connected

transactions, out of which the action arose." Id. (internal quotes omitted). To determine what pragmatically constitutes a transaction, such factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations" are considered. Porn, 93 F.3d at 34.

In Figueroa I, a case filed on March 23, 2001, plaintiff complained of the conditions at the Virginia prisons where he was confined. Notably, in Figueroa I, plaintiff was confined at the Wallens Ridge State prison and the Sussex State prison in Virginia. Here, however, in addition to complaints generally regarding his stay in Virginia, plaintiff complains about the conditions he faced at the Red Onion State Prison in Virginia, a place where he was confined later in time.

While some claims and factual circumstances in Figueroa I are similar to the instant action, the instant action appears to pertain to different time period. Thus, Figueroa I is not sufficiently related in time, space and origin to the instant action.

In Figueroa II, plaintiff complained of the conditions of his confinement at Sussex facility and the Red Onion State prison in Virginia. Notably, plaintiff's complaints regarding the Red Onion State prison in Figueroa II are similar in time, space and origin to the claims and facts advanced in the instant case.

In Figueroa II, plaintiff alleged that, from 2002 through December 2004, he was housed in a cell that was illuminated twenty-four hours a day, denied medical care, assaulted by correctional officers, had his legal material destroyed, and had devices implanted in his ears.

Similarly, in the instant case, plaintiff alleges that in 1999, he was wrongly transferred to Virginia, from 1999 through 2004, he was subjected to numerous restrictions at the Red Onion prison, and that he was confined in a constantly illuminated cell. Thus, I find that both the instant case and Figueroa II are sufficiently related in time, space, and origin for res judicata purposes.

Having determined that Figueroa II is sufficiently related in time, space and origin, I shall consider the next prong, whether the facts form a convenient trial unit. Porn, 93 F.3d at 35. This factor, aimed at conserving judicial resources, provides that where the witnesses or proof needed in the second action substantially overlap with those in the first action, the second action should ordinarily be precluded. Id. Here, Figueroa's claims and the facts asserted in the complaints in both actions are almost identical, and therefore witnesses and exhibits would also have been identical. Accordingly, this prong is satisfied.

Finally, the court must consider whether treating the two cases an one conforms to parties' expectations. Here, plaintiff

filed the same claims based upon the same facts in two different lawsuits. Therefore, because the claims are based upon the same set of facts, one would reasonably conclude that the case be brought only once.

Accordingly, I find that Figueroa II and the third claim asserted in the instant lawsuit are sufficiently identical. Therefore, the third claim asserted in this lawsuit is barred by res judicata and should be dismissed. I so recommend.

**Conclusion**

Accordingly, I recommend that the defendants' motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4(1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
December 14th, 2006